## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-1229-AGF ) |
| ST. LOUIS PUBLIC LIBRARY, et al., | ) ) |
| Defendants. | ) ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff Jerome Hardene for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, for the reasons discussed below, the Court will issue service on defendant St. Louis Public Library and will direct plaintiff to provide the proper name of defendant Sheriff "Jane Doe" so that she may also be served with the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On November 17, 2022, plaintiff filed the instant action against the St. Louis Public Library and Sheriff Jane Doe in her official capacity. ECF No. 1. Plaintiff asserts three counts within his complaint alleging violations of: (1) Invasion of Privacy (Count I); (2) the Fourth and Fourteenth

2

Amendment pursuant to 42 U.S.C. § 1983 (Count II); and (3) the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. § 12101, *et seq.* (Count III).

Plaintiff asserts he has been a "card-carrying member of the St. Louis Public Library" for "well over thirty-five (35) years." ECF No. 1 at 3. He states he is disabled because of an altered gait in his right leg. *Id.* On September 9, 2022, plaintiff claims he was at the St. Louis City Library, Julia Davis Branch, located at 4415 Natural Bridge in St. Louis, Missouri (the "Library"). *Id.* at 4. At some point during his visit he "entered the Men's Restroom to relieve himself." *Id.* Plaintiff explains that, although he closed the door to the main restroom itself, he did not close the stall door to the lavatory "because of [his] disability." *Id.*

Immediately after he began to use the facilities, plaintiff alleges defendant Sheriff Jane Doe "burst into the Men's[] Restroom" and shouted, "THIS DOOR MUST REMAIN OPEN WHILE YOU ARE IN HERE!" *Id.* Plaintiff asserts Jane Doe is a Sheriff for the City of St. Louis, but at the time of this incident she was working as a Security Officer at the Library. *Id.* at 3. In response, plaintiff asserts he "sat motionless on the water closet removing himself" as Jane Doe continued to stand in the doorway watching him. *Id.* at 4. Jane Doe allegedly told plaintiff that it was the Library's official policy to keep the main restroom door open to prevent homeless individuals from entering the restroom to wash themselves in the sink. *Id.* Plaintiff states he was neither homeless, nor bathing in the sink. *Id.*

Plaintiff argues the Library's official 'open restroom door' policy is a violation of federal and state laws because it is an invasion of privacy. Plaintiff also asserts he was discriminated against because he has a disability which "requires more time and greater effort to engage in

ordinary simple mundane tasks such as using a public restroom[.]" *Id.* at 10. For relief, plaintiff seeks "damages in excess of $25,000." *Id.* at 11.

## Discussion

Having carefully and liberally reviewed the instant complaint, the Court finds plaintiff's claims against defendants survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.[1]

In discussing the fundamental right to privacy in using the restroom in a non-inmate context, the United States Supreme Court has stated:

> There are few activities in our society more personal or private than the passing of urine. Most people describe it by euphemisms if they talk about it at all. It is a function traditionally performed without public observation; indeed, its performance in public is generally prohibited by law as well as social custom.

*Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 617 (1989) (quoting *Nat'l Treasury Employees Union v. Von Raab*, 816 F.2d 170, 175 (5th Cir. 1987)). *Cf. West v. Dallas Police Dep't*, 1997 WL 452727, at *5 (N.D. Tex. July 31, 1997) (finding a Fourteenth Amendment right "to urinate or defecate in reasonable privacy," and noting that "there are few activities that appear to be more at the heart of the liberty guaranteed by the Due Process Clause of the Fourteenth Amendment than the right to eliminate harmful wastes from one's body away from the observation of others"). Similarly, it has been held that for free citizens, the right to urinate in private is a fundamental one. *See Glaspy v. Malicoat*, 134 F. Supp. 2d 890 (W.D. Mich. 2001) and *Davis v. Bouck*, 2021 WL 1169468, at *5 (W.D. Mich. Mar. 29, 2021).

---

[1] The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of his claim or potential defenses thereto.

Here, plaintiff alleges he was using the Library's restroom when defendant Jane Doe, a security guard employed by the Library, entered the Men's facilities, and watched him "relieve himself" while demanding the main restroom door be open to the public. Plaintiff alleges it was the Library's official policy, as told to him by defendant Jane Doe, that the main restroom door must remain open without exception. Thus, upon initial review, the Court finds plaintiff has sufficiently alleged violation of privacy claims against defendants.

The Court also finds that plaintiff's ADA claim survives initial review at this early stage of the litigation. To establish a violation of Title II of the ADA, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and (3) that such exclusion, denial of benefits, or other discrimination, was because of his disability. *See Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998) (citing cases).

Here, plaintiff alleges he is an individual with a disability who, by reason of that disability, could not shut the stall door of a restroom he was using. Plaintiff claims defendant Sheriff Jane Doe disrupted his private use of the facilities because Library policy required patrons to keep the main door of the restroom open. Although plaintiff admits Jane Doe's concern was to prevent homeless individuals from bathing in the sink, plaintiff alleges he was effectively discriminated against because of his disability as he was physically unable to shut the stall door and was thus prevented from using the restroom in privacy.

Because plaintiff's complaint survives initial review under 28 U.S.C. § 1915, the Court will order the Clerk of Court to issue service of process on defendant St. Louis Public Library as to Count I (invasion of privacy), Count II (Fourth and Fourteenth Amendment), and Count III

5

(ADA) of the complaint. The Court, however, needs additional information in order to effectuate service upon defendant Sheriff Jane Doe. Thus, the plaintiff will have twenty-one (21) days to provide the Court, in writing, the real name of defendant Sheriff Jane Doe. If plaintiff fails to do so in a timely manner, Jane Doe may be dismissed, without prejudice, from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant St. Louis Public Library. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at 1301 Olive, St. Louis, Missouri 63103.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Sheriff Jane Doe survive initial review, pursuant to 28 U.S.C. § 1915, however, service cannot be effectuated at this time. Plaintiff will have **twenty-one (21) days** from the date of this Memorandum and Order to provide the Court, in writing, the real name and service of process address for defendant Sheriff Jane Doe.

**IT IS FURTHER ORDERED** that if plaintiff fails to provide the name and address of the Doe defendant within the time specified, plaintiff's claims against this defendant may be dismissed, without prejudice.

Dated this 23rd day of January, 2023.

                                                                                               */s/ Audrey G. Fleissig*
                                                                                               AUDREY G. FLEISSIG
                                                                                               UNITED STATES DISTRICT JUDGE