## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-1229-AGF |
| | ) |
| ST. LOUIS PUBLIC LIBRARY and | ) |
| VANESSA KEYS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Jerome Hardene to amend the original complaint. ECF No. 18. Defendant St. Louis Public Library has not filed a response and the time to do so has passed.[1] For the following reasons, plaintiff's request will be denied.

### Background

On November 17, 2022, plaintiff filed the instant action against the St. Louis Public Library (the "Library") and Sheriff Jane Doe in her official capacity, alleging violations pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* On January 23, 2023, the Court reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and determined it was sufficient to pass initial review at this stage of the litigation. Consequently, the Court directed the Clerk to issue service of process on defendant St. Louis Public Library, and plaintiff was instructed to provide the Court with Sheriff Jane Doe's name so she could be properly served.

---

[1] Defendant Vanessa Keys did not file a response because she has not yet been served with the complaint.

On February 9, 2023, plaintiff filed a Memorandum for the Court identifying Sheriff Jane Doe as Vanessa Keys and providing her service address as: Sheriff's Office, City of St. Louis, 10 North Tucker, 8th Floor, St. Louis, Missouri 63101. ECF No. 11. The Court subsequently directed the Clerk to effectuate service of process through the United States Marshal's Office. ECF No. 16. The Library filed its answer on February 24, 2023. ECF No. 13.

On March 24, 2023, plaintiff submitted the instant motion for leave to file a first amended complaint. ECF No. 18. Plaintiff seeks to amend his original complaint for two reasons: (1) to substitute Jane Doe with Sheriff Vanessa Keys; and (2) to add the St. Louis City Sheriff's Department as a defendant "under a *respondeat superior* theory." *Id.* at 2. Attached to the motion is the proposed first amended complaint. ECF No. 18-1.

After plaintiff's filing of the instant motion, the summons for defendant Vanessa Keys was returned unexecuted by the United States Marshal's Office with the notation that she no longer works for the Sheriff's Office. ECF No. 19.

**Discussion**

"A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party,

2

or futility of the amendment." *Id.* (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

The Court will deny plaintiff's motion to amend because his proposed amendments would be futile. First, plaintiff is attempting to add the St. Louis City Sheriff's Department as a defendant, which cannot be sued under 42 U.S.C. § 1983. Departments or subdivisions of local government are not "juridical entities suable as such." *See Ketchum v. City of West Memphis, Ark*, 974 F.2d 81, 82 (8th Cir. 1992). To that end, county and city jails and sheriffs' departments are not suable under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of jail and sheriff's department as parties because they are not suable entities). *See also Franklin v. St. Louis City Police Dep't Justice Ctr.*, 2022 WL 1202362, at *2 (E.D. Mo. Apr. 22, 2022) (dismissing the St. Louis Sheriff's Office because it is a department of a municipality); *Hester v. St. Louis City*, 2013 WL 2631305, at *3 (E.D. Mo. June 11, 2013) ("The complaint is frivolous against the St. Louis Sheriff's Office and St. Louis Police Department because police departments are not suable entities under § 1983.")

Second, an ADA claim against the St. Louis Sheriff's Department fails to state a claim upon which relief can be granted. Plaintiff asserts he is an individual with a disability who was excluded from using the defendant Library's bathroom because of his disability. Plaintiff does not allege that the St. Louis Sheriff's Department is involved in the administration of policies at the Library, or that he was denied or excluded from a Sheriff's Department service, program, or activity. As such, an ADA claim against the proposed defendant fails.

Lastly, there is no need for plaintiff to file an amended complaint for the purpose of identifying Jane Doe. Plaintiff has already properly notified the Court of Jane Doe's identity and the Clerk has edited the caption of this matter to substitute Vanessa Keys for the fictitious party. All that is now required is for plaintiff to provide a valid address by which defendant Vanessa Keys may be served with process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended complaint [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that, **no later than twenty-one (21) days from the date of this Order**, plaintiff Jerome Hardene shall provide the Court, in writing, with adequate information such that Defendant Vanessa Keys may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, plaintiff's failure to timely respond to this Order shall result in the dismissal of defendant Vanessa Keys from this cause of action, without prejudice or further notice from the Court, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 24th day of April, 2023.

*[signature: Audrey G. Fleissig]*

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

4