UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1229 AGF |
| ) | |
| ST. LOUIS PUBLIC LIBRARY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Response to Show Cause Order. ECF No. 27. For the reasons discussed below, the Court will provide plaintiff with a thirty (30) day extension of time to provide the Court with the proper address for defendant Vanessa Keys. No further extensions will be permitted.

**Background**

On November 17, 2022, plaintiff filed this action against the St. Louis Public Library and Sheriff Jane Doe in her official capacity, alleging violations pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ECF No. 1. On January 23, 2023, the Court permitted plaintiff to proceed *in forma pauperis*, reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), and determined it was sufficient to pass initial review at this stage of the litigation. ECF No. 8. Consequently, the Court directed the Clerk to issue service of process on defendant St. Louis Public Library, and plaintiff was instructed to provide the Court with Sheriff Jane Doe's name and address so she could be properly served. *Id.*

On February 9, 2023, plaintiff filed a Memorandum for the Court identifying Sheriff Jane Doe as Vanessa Keys and providing her service address as: Sheriff's Office, City of St. Louis, 10

North Tucker, 8th Floor, St. Louis, Missouri 63101. ECF No. 11. The Court directed the Clerk to effectuate service of process through the United States Marshal's Office ("USMS"). ECF No. 16. The St. Louis Public Library filed its answer on February 24, 2023. ECF No. 13.

The summons for defendant Keys was returned unexecuted by the USMS with the notation that she no longer works for the Sheriff's Office. ECF No. 19. On April 24, 2023, the Court directed plaintiff to provide a valid address by which defendant Keys may be served with process. ECF No. 20. Plaintiff was warned that a failure to comply could result in the dismissal of defendant Keys from this action. *Id.* at 4. Plaintiff had until May 15, 2023 to comply, but did not respond to the Court's Order. Consequently, the Court issued a Show Cause Order directing plaintiff to show cause, in writing, why defendant Keys should not be dismissed from this case without prejudice.

## Discussion

Plaintiff filed the instant response to this Court's Show Cause Order on July 31, 2023. ECF No. 27. He attributes his non-compliance to an issue with mail forwarding after obtaining new housing. *Id.* at 1. Plaintiff asks the Court to grant him an additional thirty days "to hire his own process server" and "serve the defendant." *Id.* at 2.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Defendant Keys has not been served within ninety days of the filing of this action, and plaintiff did not timely comply with the Court's April 24, 2023 Order. Although plaintiff has responded to the Court's July 5, 2023 Show Cause Order, he has still failed to provide adequate information for the proper service of defendant Keys.

2

In consideration of plaintiff's self-represented status and his description of an alleged mail forwarding issue, plaintiff will be given **one final opportunity** to provide the Court, in writing, with a service of process address for defendant Vanessa Keys. Although plaintiff requests an extension for him to "hire his own process server" and "serve the defendant," in cases where a litigant is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding *in forma pauperis* is entitled to rely on service by the USMS. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Once an *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants, the court must issue plaintiff's process to the USMS, who must then effectuate service. *Id*. However, **it is plaintiff's responsibility to provide the information necessary for service on the defendants**. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (affirming dismissal of defendants for whom plaintiff did not "provide proper addresses for service."); *see also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information.")

In this case, plaintiff provided an address for defendant Keys. The Court directed the USMS to issue process on defendant Keys at that location, however, it was returned unexecuted with the notation that she no longer works for the Sheriff's Office.

Plaintiff bears the responsibility of providing adequate information so that defendant Keys can be served by the USMS as an *in forma pauperis* litigant. Therefore, plaintiff will be given **thirty (30) days** from the date of this order in which to provide adequate information regarding a valid address for defendant Keys so that service can be effectuated. If plaintiff cannot provide the

3

proper information to effectuate service, defendant Keys will be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m). Failure to comply within **thirty (30) days** will also result in the dismissal of defendant Keys from this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, **within thirty (30) days of the date of this Memorandum and Order** provide the Court, in writing, with a valid address such that defendant Vanessa Keys may be served with process by the U.S. Marshal's Service.

**Failure to timely comply with this Memorandum and Order will result in the dismissal of defendant Vanessa Keys from this cause of action without prejudice and without further notice from the Court.**

Dated this 21st day of August, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE