UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1229 AGF |
| ) | |
| ST. LOUIS PUBLIC LIBRARY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's filing titled "Motion for a Due Process Hearing on Failure to Process Service by U.S. Marshal on Former Deputy Sheriff Vanessa Keys." ECF No. 29. For the following reasons, the motion will be denied and defendant Vanessa Keys will be dismissed without prejudice from this action pursuant to Federal Rule of Civil Procedure 4(m).

**Background**

On November 17, 2022, plaintiff filed this action against the St. Louis Public Library and Sheriff Jane Doe in her official capacity, alleging violations pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ECF No. 1. On January 23, 2023, the Court permitted plaintiff to proceed *in forma pauperis*, reviewed plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), and determined it was sufficient to pass initial review at this stage of the litigation. ECF No. 8. Consequently, the Court directed the Clerk to issue service of process on defendant St. Louis Public Library, and plaintiff was instructed to provide the Court with Sheriff Jane Doe's name and address so she could be properly served. *Id.*

On February 9, 2023, plaintiff filed a Memorandum for the Court identifying Sheriff Jane Doe as Vanessa Keys and providing her service address as: Sheriff's Office, City of St. Louis, 10

North Tucker, 8th Floor, St. Louis, Missouri 63101. ECF No. 11. The Court directed the Clerk to effectuate service of process through the United States Marshal's Office ("USMS"). ECF No. 16. The St. Louis Public Library filed its answer on February 24, 2023. ECF No. 13.

The summons for defendant Keys was returned unexecuted by the USMS with the notation that she no longer works for the Sheriff's Office. ECF No. 19. On April 24, 2023, the Court directed plaintiff to provide a valid address by which defendant Keys may be served with process. ECF No. 20. Plaintiff was warned that a failure to comply could result in the dismissal of defendant Keys from this action. *Id.* at 4. Plaintiff had until May 15, 2023 to comply, but did not respond to the Court's Order. Consequently, the Court issued a Show Cause Order directing plaintiff to show cause, in writing, why defendant Keys should not be dismissed from this case without prejudice. ECF No. 24.

Plaintiff filed a response to the Show Cause Order on July 31, 2023. ECF No. 27. He attributed his non-compliance to an issue with mail forwarding after obtaining new housing. *Id.* at 1. Plaintiff asked the Court to grant him an additional thirty days "to hire his own process server" and "serve the defendant." *Id.* at 2. The Court reviewed plaintiff's response on August 21, 2023. ECF No. 28. In consideration of the plaintiff's self-represented status and description of an alleged mail forwarding issue, plaintiff was "given **one final opportunity** to provide the Court, in writing, with a service of process address for defendant Vanessa Keys." *Id.* at 3 (emphasis in original). The Court carefully explained to plaintiff the following, in pertinent part:

> Although plaintiff requests an extension for him to "hire his own process server" and "serve the defendant," in cases where a litigant is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding *in forma pauperis* is entitled to rely on service by the USMS. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).

2

> Once an *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants, the court must issue plaintiff's process to the USMS, who must then effectuate service. *Id*. However, **it is plaintiff's responsibility to provide the information necessary for service on the defendants**. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (affirming dismissal of defendants for whom plaintiff did not "provide proper addresses for service."); *see also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information.")
>
> In this case, plaintiff provided an address for defendant Keys. The Court directed the USMS to issue process on defendant Keys at that location, however, it was returned unexecuted with the notation that she no longer works for the Sheriff's Office.
>
> Plaintiff bears the responsibility of providing adequate information so that defendant Keys can be served by the USMS as an *in forma pauperis* litigant. Therefore, plaintiff will be given **thirty (30) days** from the date of this order in which to provide adequate information regarding a valid address for defendant Keys so that service can be effectuated. If plaintiff cannot provide the proper information to effectuate service, defendant Keys will be dismissed from this action without prejudice. *See* Fed. R. Civ. P. 4(m). Failure to comply within **thirty (30) days** will also result in the dismissal of defendant Keys from this action without prejudice.

*Id.* at 3-4 (emphasis in original).

**Discussion**

Rather than follow the Court's instructions in its August 21, 2023 Order and provide an address for the USMS to serve defendant Keys, plaintiff has filed a "Motion for a Due Process Hearing on Failure to Process Service by U.S. Marshal on Former Deputy Sheriff Vanessa Keys." ECF No. 29. Within the document, plaintiff states it "shocks the conscience" the USMS can find El-Chapo, a notorious drug dealer, but it cannot properly serve defendant Keys. Plaintiff appears to accuse the USMS of violating his due process, and requests the Court to provide him with a hearing so that he may "be afforded the opportunity to address why judicial intelligence was not afforded upon the plaintiff[.]"

3

Plaintiff's motion is inappropriate. He has now failed to comply with three Court orders directing him to provide a valid service address for defendant Keys. As the plaintiff has repeatedly been told, even though he is proceeding without counsel *in forma pauperis*, he must still comply with the same rules of procedure governing other litigants, including the service requirements of Rule 4. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting *in forma pauperis* plaintiff's responsibility to provide addresses for service). Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The prosecution of this lawsuit, including service on the defendants, is ultimately *plaintiff's* responsibility. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]"); *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals service is not responsible for lack of service where a plaintiff does not provide correct information required for service.").

While the Marshals are to assist in serving the defendants in this case, they are not responsible for obtaining the addresses of the defendants. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 n.4 (5th Cir. 1996) (explaining it is the plaintiff's responsibility to provide the Marshal Service with sufficient information). "The Marshal Service and the court should refrain from engaging in any investigatory efforts on behalf of the plaintiff." *Paixao v. City of Greenwood*, 2023 WL 2816892, at *2 (N.D. Miss. Apr. 6, 2023) (citing *Bowman v. Johnson*, 2010 WL 122593,

4

at *1 (E.D. Va., Mar. 26, 2010)) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Defendant Keys has not been served within ninety days of the filing of this action. Plaintiff has been provided with three opportunities to provide the Court with a valid service address for defendant Keys. *See* ECF Nos. 20, 24, and 28. Plaintiff has been repeatedly told that it is his responsibility, not that of the USMS, to obtain the correct address. Within the last Court Order, dated August 21, 2023, the Court clearly warned: "If plaintiff cannot provide the proper information to effectuate service, defendant Keys will be dismissed from this action without prejudice." *See* Fed. R. Civ. P. 4(m). Failure to comply within thirty (30) days will also result in the dismissal of defendant Keys from this action without prejudice." ECF No. 28 at 3-4. Consequently, the Court will dismiss defendant Keys from this action without prejudice due to plaintiff's failure to comply with the orders of this Court and for failure to timely serve the defendant.

The Court notes that within the instant motion plaintiff requests the ability to serve defendant Keys by publication. Rule 4 does not explicitly allow for service by publication. Rather, under Fed. R. Civ. P. 4(e)(1), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Missouri law provides for service by publication in cases involving *in rem* or *quasi in rem* civil actions. *See* Mo. Rev. Stat. §§ 506.160 and Mo. S. Ct. R. Civ. P. 54.12. Neither type of action applies here, thus, service by publication would be inappropriate.

5

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for a Due Process Hearing on Failure to Process Service by U.S. Marshal on Former Deputy Sheriff Vanessa Keys" [ECF No. 29] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Vanessa Keys is **DISMISSED** from this cause of action without prejudice. *See* Fed. R. Civ. P. 4(m).

Dated this 22nd day of September, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE