UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE', ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-01229-AGF |
| ) | |
| ST. LOUIS PUBLIC LIBRARY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se motion (ECF No. 54) to reopen discovery. Under the current Case Management Order, the deadline to complete discovery was June 3, 2024. ECF No. 36. Dispositive motions are due on July 15, 2024, and trial is currently set for December 9, 2024. *Id.* In his motion, Plaintiff asserts that he wishes to reopen discovery in order to depose two individuals: (1) the Sheriff, who is not a party to this litigation but who Plaintiff alleges was involved in implementing the policies of Defendant St. Louis Public Library that allegedly infringed upon Plaintiff's rights, and (2) "the highest ranking employee in Defendant's organization" who can testify about the above-noted policies. ECF No. 54 at 2.

Defendant opposes the motion. Defendant argues that Plaintiff's legal claims fail on the merits, that Defendant is prepared to timely file its dispositive motion demonstrating that fact, and that Plaintiff has not shown good cause to reopen discovery. ECF No. 56.

"Once a scheduling order has been adopted by the district court, it may be modified only for good cause and with the judge's consent." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023) (citing Fed. R. Civ. P. 16(b)(4)). "[T]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). If good cause has been shown, the Court must consider whether an

extension would prejudice the opposing party.  *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Although it is a close question, the Court concludes that in light of Plaintiff's pro se status and the significant efforts the parties made in settlement negotiations that may have temporarily shifted focus away from discovery,[1] Plaintiff has demonstrated good cause for a short extension of the discovery schedule, which will not unduly prejudice Defendant.  The Court will extend the discovery period for 30 days and will similarly extend the deadline to file dispositive motions.  However, the trial setting of December 9, 2024, will remain unchanged.

The Court cautions Plaintiff that his pro se status does not excuse him from adhering to the Court's scheduling order and complying with the Federal Rules of Civil Procedure and the Court's Local Rules, including rules relating to discovery, such as Federal Rules of Civil Procedure 30(b)(6) (regarding notices of deposition directed to an organization) and 45 (regarding subpoenas issued to non-parties).  *See e.g.*, *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (noting that "[a] pro se litigant is bound by the litigation rules as is a lawyer").  Further requests to extend the schedule will not be granted absent extreme good cause shown.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen discovery is **GRANTED in part,** as set forth above.  ECF No. 54.

**IT IS FURTHER ORDERED** that the Case Management Order (ECF No. 36) is amended in part as follows:

> (1)   The parties shall complete all discovery in this case no later than **August 8, 2024**.

---

[1]   The parties engaged in settlement discussions for several weeks with the assistance of appointed limited scope ADR counsel for Plaintiff, but the parties reached an impasse in April of 2024, after which limited scope counsel's appointment ended.

      (2)    Any motions for summary judgment or motions for judgment on the pleadings must be filed no later than **August 14, 2024**. Responses shall be filed no later than 28 days after the motion is filed (and no later than **September 11, 2024**) and any reply may be filed no later than 14 days thereafter (and no later than **September 25, 2024**).

Except as amended herein, the Case Management Order shall remain in effect.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2024.