UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE', | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-01229-AGF |
| | ) |
| ST. LOUIS PUBLIC LIBRARY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se motions for leave to depose witnesses (ECF No. 61) and to appoint counsel (ECF No. 60).  With respect to the first motion, the Court previously granted Plaintiffs' request to extend the discovery schedule for a period of 30 days in light of Plaintiff's desire to depose two individuals: (1) the Sheriff, who is not a party to this litigation but who Plaintiff alleges was involved in implementing the policies of Defendant St. Louis Public Library that allegedly infringed upon Plaintiff's rights, and (2) "the highest ranking employee in Defendant's organization" who can testify about the above-noted policies.  ECF No. 54 at 2.  The Court cautioned Plaintiff to comply with the Federal Rules of Civil Procedure and the Court's Local Rules, including rules relating to discovery, such as Federal Rules of Civil Procedure 30(b)(6) (regarding notices of deposition directed to an organization) and 45 (regarding subpoenas issued to non-parties).

In his current motion, Plaintiff asserts that he served a notice of deposition on defense counsel seeking to depose Defendant's Director of Operations on July 26, 2024, at the

Thomas Eagleton Courthouse but that defense counsel objected to the deposition date and location because the Director of Operations was not available at the scheduled date and time. Plaintiff further asserts that he appeared at the Clerk's office to request a subpoena to issue to the Director of Operations and was told that a subpoena would not issue and that leave of the Court would be required.  Plaintiff then asserts that he seeks the Court's leave to direct subpoenas to issue to Defendant's Director of Operations, as well as to Vanessa Keys, whom Plaintiff asserts is the "erstwhile City of St. Louis Sheriff who worked 'secondary' as a St. Louis Public Library security guard on the day [of the events] at issue" in this lawsuit.

As Plaintiff correctly notes, a subpoena is not required to depose an employee of Defendant, such as the Director of Operations.  And the Court's Local Rule 3.04 requires Plaintiff to confer in good faith with defense counsel in person or by telephone to attempt to resolve any dispute about the location and date of the proposed deposition before bringing any motion concerning that deposition before this Court.  Pursuant to this Local Rule, the Court will not consider any motion related to discovery and disclosure unless the motion contains a statement that the movant has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord; the statement must recite the date, time, and manner of such in-person or telephone conference, and the names of the individuals participating therein, or must state with specificity the efforts made to confer with opposing counsel.  It does not appear that Plaintiff has complied with this Local Rule.  Further, the Court directs both parties to comply with Federal Rule of Civil Procedure

30, paying particular attention to Rule 30(b)(6) regarding the parties' duties to confer in good faith regarding the matters for examination.

With respect to Plaintiff's request to depose Vanessa Keys, if Keys is not an employee of Defendant, a subpoena would be required. And Local Rule 2.06 provides that self-represented litigants proceeding in forma pauperis, such as Plaintiff, must file "a written request for the issuance of any witness subpoenas, setting forth the name and address of each witness for whom a subpoena is sought, along with a brief summary of the substance of the witness' anticipated testimony." E.D.Mo. L.R. 2.05(C). The Court will therefore deny without prejudice Plaintiff's request for a subpoena to depose Keys and will require Plaintiff to file a written request containing the above-noted information with respect to Keys, including her name, address, and a brief summary of the substance of her anticipated testimony.

Finally, with respect to Plaintiff's motion for appointment of counsel, a pro se litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018), and there is no indication at this stage of the case that the appointment of counsel would be of sufficient benefit to Plaintiff or the Court. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave of Court to depose witnesses is **DENIED without prejudice ,** as set forth above. ECF No. 61.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer in good faith in order to resolve any disputes regarding Plaintiff's proposed deposition of Defendant's Director of Operations. Defendant is specifically directed to cooperate with Plaintiff in good faith to arrange a date and place for the deposition.

**IT IS FURTHER ORDERED** that, to the extent Plaintiff still seeks the Court's leave to issue a subpoena to any non-party, Plaintiff must comply with Local Rule 2.06(C).

**IT IS FINALLY ORDERED** that Plaintiff's motion to appoint counsel is **DENIED without prejudice**. ECF No. 60.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2024.